United States District Court
Southern District of Texas
**ENTERED**
December 03, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **INTERNATIONAL BANCSHARES CORPORATION,** | § § § § § § § § § § | |
| Movant, | | |
| VS. | | CIVIL ACTION NO. 5:19-CV-62 |
| **PAOLA OCHOA,** | | |
| Respondent. | | |

## REPORT & RECOMMENDATION

Before the Court is the parties' Joint Motion to Reinstate Case. (Dkt. No. 7). On October 1, 2019, the parties' motion was referred to the undersigned for findings of fact and recommendations of law. (Dkt. No. 10). Having considered the motion, the parties' supplemental briefing (Dkt. No. 9), and the applicable law, the Court recommends that the parties' joint motion to reinstate the case (Dkt. No. 7) be **GRANTED**.

## I. Factual Background

This case involves a dispute over the amount of compensation owed by Movant, International Bancshares Corporation ("IBC"), to its employee, Respondent, Paola Ochoa. (Dkt. No. 1 at 1). Per the terms of IBC's dispute resolution policy, IBC and Ochoa submitted the dispute to arbitration. (*See* Dkt. No. 9-1). After reaching a settlement, the parties filed a motion in the United States District Court for the Southern District of Texas to have the settlement approved under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"). (Dkt. No. 1).

On May 9, 2019, this Court ordered the parties to file briefing on the Court's jurisdiction to grant the relief requested and whether a justiciable dispute existed. (Dkt. No. 4). Instead, the parties responded with a request to stay the case for thirty days; acknowledging that the parties had filed the request for settlement approval prior to obtaining a final award from the arbitrator. (Dkt. No. 5 at 2). The parties' motion was denied, and the case was dismissed without prejudice for lack of jurisdiction. (Dkt. No. 6). The parties now represent to the Court that they have secured a final arbitration

award and jointly move to reopen the case. (Dkt. No. 7). In support of their motion, the parties submit that the award may be confirmed under the Federal Arbitration Act ("FAA") and is subject to approval under the FLSA. (*See* Dkt. No. 9).

## II. Legal Standard

### A. FAA

9 U.S.C. § 9 provides in relevant part:

> If the parties *in their agreement* have agreed that *a judgment of the court shall be entered upon the award* made pursuant to the arbitration . . . then at any time *within one year* after the award is made any party to the arbitration may apply . . . for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

(emphasis added). A party does not need to contest the arbitration award to trigger the Court's jurisdiction to confirm the award. *See Decapolis Group, LLC v. Mangesh Energy, Ltd*, No. 3:13-cv-1547-M, 2014 U.S. Dist. LEXIS 23131, at *1–2 (N.D. Tex. Feb. 24, 2014) (citing *McVay v. Halliburton Energy Servs., Inc.*, 688 F. Supp. 2d 556, 564 (N.D. Tex. 2010) ("[T]here is no requirement that a party refuse to honor the arbitration award before a court can confirm the award"); *Variable Annuity Life Ins. Co. v. Bencor, Inc.*, No. H-05-1843, 2006 WL 1492249, at *3–4 (S.D. Tex. May 30, 2006) (denying a motion to dismiss and confirming an arbitration award where the party objecting to confirmation did not contest the award, had paid it in full, and did not seek to vacate or modify the award)).

### B. FLSA

FLSA claims brought by an employee may properly be subjected to binding arbitration. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018); *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344 (5th Cir.2013). "Because 'the provisions of the FLSA are mandatory, and not subject to negotiation and bargaining between employers and employees,' any agreement to settle claims under the FLSA must receive court approval." *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018) (citations

omitted).

### III. <u>Analysis</u>

A court's obligation to confirm certain arbitration awards is found in 9 U.S.C. § 9. The plain language of the statue provides that if the parties express in their arbitration agreement that a judgement shall be entered on the arbitration award, and if the application for confirmation is made within one year, the court shall confirm the award. *Id*. Here, the parties have provided their arbitration agreement, which calls for court confirmation of the arbitration award:

> [T]he arbitrator(s)' award, which is final and binding, may be enforced or set aside through a court of law as permitted by Rule 13 of this Policy.

and

> Recognizing that the work of the employees of any IBC Entity involves interstate commerce, either the employee or any IBC Entity may bring an action in any court of competent jurisdiction to compel arbitration under this Policy or to enforce or set aside an arbitration award as permitted by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*.

(Dkt. No. 9-1 at 3, 13); *see Decapolis Group, LLC*, 2014 U.S. Dist. LEXIS 23131, at *1–2 (agreement provision provided: "Judgment upon the award rendered by the arbitrator may be entered in a court of law having jurisdiction thereof"). While the Court does not have a copy of the arbitration award, the final arbitration award was entered on or after May 21, 2019, thus, the application for confirmation was made within one year. Though the parties do not contest the validity of the award, nor seek a modification of the award, the plain language of 9 U.S.C. § 9 bestows jurisdiction on the Court to confirm the award. *Decapolis Group, LLC*, 2014 U.S. Dist. LEXIS 23131, at *4 (citing *McVay*, 688 F. Supp. 2d at 564; *Variable Annuity Life Ins. Co.*, 2006 WL 1492249, at *3–4). Thus, the Court finds that jurisdiction to confirm the award exists under the FAA.

Finally, the Court finds that the subject arbitration award is based on the settlement of a claim subject to the FLSA. Thus, the District Judge must review and approve the approve the settlement. *Shaw*, 2018 WL 3621050, at *1.

### IV. <u>Conclusion</u>

The Court recommends that the parties' Joint Motion to Reinstate Case (Dkt. No. 7) be **GRANTED**. The parties should file a copy of the final arbitration award with the

Court for the District Judge's review and approval under the FLSA.[1]

## V. **Notice of Right to Object**

Within fourteen days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review *de novo* those portions of the report or specified proposed findings or recommendations to which the party objects. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with instructions. *Id.* The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If a party does not object within fourteen days, the party forfeits its right to district court review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court, except on grounds of plain error or manifest injustice.

**SIGNED** on December 3, 2019.

_____
John A. Kazen
United States Magistrate Judge

---

[1] The referral to this Magistrate Judge was for the purpose of recommending whether the parties' joint motion should be granted and, as result, the case should be reinstated. (Dkt. No. 10). Therefore, the Court finds only that jurisdiction exists to confirm the award. The Court makes no finding or recommendation as to the validity of the award (which the parties have yet to submit for review) or the degree of scrutiny to apply in reviewing the arbitration award, as opposed to a non-arbitrated FLSA settlement agreement.